UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHALIE SHAW                                   CIVIL ACTION

VERSUS                                          NO. 05-0223

COLONIAL LIFE & ACCIDENT                        SECTION "T"
INSURANCE COMPANY

### ORDER AND REASONS

Plaintiff, Nathalie Shaw, filed a Motion to Remand this case to state court. The matter was taken under submission on February 3, 2005. The Court, having studied the record, the legal memoranda submitted by the parties, the applicable law, and jurisprudence, is now fully advised in the premises and ready to rule.

### I. BACKGROUND

This suit arises out of a breach of contract claim between plaintiff and her insurance company. In 1991, plaintiff, Nathalie Shaw ("Shaw"), purchased a supplemental cancer insurance policy from defendant, Colonial Life and Accident Insurance Company ("Colonial"). In October 2003, Shaw was diagnosed with cancer and underwent medical treatment for her illness. The treatments resulted in substantial medical bills, some of which Shaw alleges Colonial has failed to pay. Shaw filed suit in Civil District Court, Parish of Orleans, State of Louisiana, against Colonial to recover compensatory damages, statutory penalties and attorney's

fees. Colonial removed the cause to this Court based on diversity under 28 U.S.C. § 1332(a)(1), claiming the amount in controversy exceeds $75,000.

## II. LAW AND ANALYSIS

Federal courts have limited jurisdiction; they can only adjudicate those matters authorized by the Constitution or Congress. *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996). A party may remove a cause from state court to federal court if that party can establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). However, 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The sum of damages a plaintiff claims in her state court pleadings will control the cause if the claim is made in good faith. *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1938). Louisiana law, however, prohibits plaintiffs from pleading a specific amount of damages in state court pleadings. La. C. Civ. P. art. 893(a)(1) (2005). In such a case, for removal to be proper, the defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *De Aguilar* 47 F.3d at 1409. The defendant may meet this burden: (1) by showing it is facially apparent from the pleadings that the claim is likely to exceed $75,000 or (2) by providing summary judgment type evidence that support a finding that the claim is likely to exceed $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If the defendant satisfies this burden, the plaintiff must in turn demonstrate to a "legal certainty" that the amount in controversy is less than $75,000 in order to remand the case. The plaintiff may accomplish this by showing there is a statute which limits the amount she can

recover to less than $75,000 or by filing a binding stipulation which also limits her recovery to less than $75,000. *Manguno,* 276 F.3d at 724.

As proscribed by Louisiana law, Shaw did not allege a specific amount of damages in her state court pleadings. Rather, she simply asserted the amount in controversy did not exceed $75,000. The burden for removal then shifted to Colonial to prove by a preponderance of evidence that the amount in controversy is likely to exceed $75,000. Choosing to do so by summary judgment type evidence, Colonial introduced triplicate copies of certain medical bills (Exhibit A), along with a summary of the charges, insurance benefits due and benefits paid. The summary (Exhibit B) indicates that the difference between the total charges and total benefits paid is $39,455.47.[1] This amount represents the total compensatory damages to which Shaw might be entitled.

Shaw also seeks statutory penalties due to Colonial's alleged arbitrary and capricious denial of insurance benefits. Under Louisiana's insurance statutes, the arbitrary and capricious denial of insurance benefits may require an insurance company to pay its insured double the amount of benefits due, in addition to attorney's fees. La. R. S. 22:657 (2005). Doubling the figure offered by Colonial ($39,455.57) and adding possible attorney's fees places the amount in controversy over $75,000. Shaw does not point to either a statute or binding stipulation which would limit her recovery to less than $75,000, and consequently federal jurisdiction is proper

---

[1] It should be noted that it is not apparent to this Court how the figures in the medical bills from Exhibit A necessarily correspond with the figures in the summary provided by Colonial. As such, this Court does not comment on the veracity of the amount as offered by Colonial, but observes that there is enough evidence of substantial medical charges to support a finding the claim will likely exceed $75,000.

here under 28 U.S.C. § 1332(a)(1).

Accordingly,

**IT IS ORDERED** that the Motion to Remand to state court, filed on behalf of the Plaintiff, Natalie Shaw, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 4th day of August, 2005.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**

4